THE STATE OF FLORIDA, on the Relation of N. B. Jackson, John Hood, Sol McClelland, H. C. McAulay, and A. J. Tubbs, as and Constituting the Board of County Commissioners of Highlands County, Florida, v. CLARENCE M. GAY, as State Comptroller, J. EDWIN LARSON, State Treasurer, and THE BOARD OF PUBLIC INSTRUCTION HIGHLANDS COUNTY, FLORIDA.

32 So. (2nd) 282  June Term, 1947
October 24, 1947  Division A

*M. E. McDonald,* for petitioners.

*J. Tom Watson,* Attorney General, *Howard S. Bailey* and *D. Fred McMullen,* Assistant Attorney General, for respondents.

BARNS, J.:

An alternative writ of mandamus was issued herein reciting that the respondents had failed to remit to Highlands County its distributive share of the Race Track Fund distributable to it as prescribed by Section 550.13 F. S. 1941.

The State Comptroller and the State Treasurer answer and state that the distribution to the County would have been made except for the passage of Chapter 24077, Acts of 1947.

Upon the answer of respondents the petitioners moved for a peremptory writ of mandamus, the respondents answer notwithstanding.

The title to the said Chapter 24077, (supra) is as follows:

"An ACT authorizing and Requiring the Comptroller and Treasurer of the State of Florida to apportion and Pay Equally, One Half to the Board of County Commissioners and One Half to the County Board of Public Instruction, All Funds Payable to Any County or Counties Having a Population of not less Than Sixteen Thousand, Two Hundred (16,-200) and not More Than Sixteen Thousand, Eight Hundred (16,800), According to the Last Preceding or any Subsequent State Census, which Funds are payable to such County or Counties From Horse and Dog Racing and Other Sources Provided for by Chapter 550, Florida Statutes, 1941, as Amended, and providing for the effective Date Hereof; and Providing That This Act Shall Expire on the First Monday in November, A. D., 1948."

In form this is a general act but of such limited local application as not to constitute a reasonable classification and is so unreasonably arbitrary as to offend Sections 20 and 21 of Article 3 of our State Constitution.

A peremptory writ is ordered issued.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.